**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
JOHN KARLYG,

                                                 Plaintiff,

-against-

JEFFRIE MERINO, LT. PHILLIP WHITE,
ROSIANA HINDS and JOHN DOE(S) (True Name Unknown);
CITY OF NEW YORK,

                                                Defendants.
---------------------------------------------------------------------X

(Jury Trial Demanded of all issues)

**COMPLAINT**

CV. No.: _____

The Plaintiff JOHN KARLYG, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

**PRELIMINARY STATEMENT**

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable. A jury trial is demanded

**JURISDICTION**

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 (a) with

respect to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4.     The plaintiff JOHN KARLYG, at all times hereinafter mentioned, was and still is CITIZEN OF THE United States and a resident of the City and State of New York and County of Queens.

5.     That the defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

6.     That upon information and belief the defendants JEFFRIE MERINO, LT. PHILLIP WHITE, ROSIANA HINDS & JOHN DOE(S) at all times hereinafter mentioned were officers employed by the New York City Taxi and Limousine Commission which is an agency of the defendant CITY OF NEW YORK and were acting with the scope of said employment as Taxi and Limousine enforcement officers and were further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

7.     Defendant JEFFRIE MERINO, LT. PHILLIP WHITE, ROSIANA HINDS, JOHN DOE(S), whose true names and identity is unknown to plaintiff at this time, are being sued individually and I their official capacity as law enforcement officers acting on behalf of the defendant CITY OF NEW YORK.

## ADMINISTRATIVE CONDITIONS

8.     That within ninety (90) days after the claims arose the plaintiff caused a sworn notice of claim to be duly served upon defendant CITY OF NEW YORK.

9.     That the plaintiff was examined by defendant CITY OF NEW YORK pursuant to New York General Municipal Law sec. 50-H.

10.     More than thirty (30) days have elapsed since service of the notice of claim and 50-H hearing but defendant CITY OF NEW YORK or the comptroller have neglected and/or refused to adjust or pay said claims.

**11.** This action is being commenced within one year and ninety days after the cause of action set forth herein occurred and within the statutes of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. sec. 193.

## FACTUAL ALLEGATIONS

**12.** That on or about July 9, 2019 the plaintiff was working as a driver for Lyft.

**13.** That shortly after 7:00 A.M. on July 9, 2019 the plaintiff was sitting in the driver's seat of his Lyft vehicle awaiting a passenger at LaGuardia Airport Terminal C near door 14 in the County of Queens, City and State of New York.

**14.** That approximately 20 seconds after plaintiff arrived at above location to pick up a passenger with the first name "Gary" a male with luggage approached plaintiff's vehicle and said "JFK, JFK" to which plaintiff responded by asking if he was "Gary".

**15.** Plaintiff then informed this male that he was waiting for a passenger and could not take him to JFK. The male who never identified himself as a law enforcement officer or an employee of the Taxi & Limousine Commission (TLC) then told plaintiff to "get the fuck out of here".

**16.** Plaintiff then responded to the man saying words to the effect of "you get the fuck out of here. I am waiting for my passenger".

**17.** The man then approached the individual defendants WHITE, MERINO, and HINDS and engaged in a conversation with them. Shortly thereafter defendant WHITE approached plaintiff, who was seated in his vehicle, and requested his documents.

**18.** Although defendant WHITE did not identify himself as a peace officer, a law enforcement officer, or an employee of the TLC and exhibited no badges, identification, or other indicia to indicate that he was a law enforcement officer, plaintiff nevertheless complied and gave defendant WHITE his driver's and TLC licenses.

**19.** That defendant WHITE then ordered plaintiff's passenger, who had arrived by then to get out of the vehicle because plaintiff is not going anywhere.

20. That shortly thereafter defendant WHITE stated to plaintiff "I'm gonna throw your white ass in jail" and that he was going to send plaintiff back to where he came from.

21. That defendant WHITE and MERINO acting together forcefully pulled plaintiff's arms behind him and forcefully handcuffed him. That the force used was of such extent that it caused extreme pain and injury to plaintiff's shoulder.

22. That defendant's WHITE ad MERINO then forcefully shoved plaintiff into a vehicle and caused plaintiff to strike his head on said vehicle while plaintiff was in the exclusive physical control of the defendants.

23. That in the vehicle plaintiff complained about the tightness of the handcuffs but was totally ignored by the defendants WHITE and MERINO.

24. Plaintiff was taken by the defendants to a police station within LaGuardia Airport. While at said police station a Port Authority police officer observed that plaintiff was suffering from pain and discomfort and an ambulance was requested to take plaintiff to a hospital for medical treatment.

25. That while plaintiff was at the hospital, he heard defendant WHITE and MERINO laughing about the fact that they would be getting overtime due to plaintiff's arrest.

26. After plaintiff was treated, he was taken to Queens Central Booking and detained until he saw a judge sometime late at night.

27. That a lawyer appointed to represent plaintiff advised plaintiff that he had been arrested for having a cover over his license plate, although plaintiff had no cover over his license plates in violation of any law.

28. At no time did the defendants ever advise plaintiff of the charges made against him or the reason for his arrest.

29. That the Criminal Complaint made under penalty of perjury by defendant JEFFRIE MERINO alleged that he observed a padded covering placed over the front license plate of plaintiff's vehicle, and that he was informed by defendant WHITE that he observed the rear license plate of plaintiff's vehicle to be covered with a plastic covering in violation of New York Vehicle and Traffic Law §402-1(v).

30. That defendants knew full well that such charges were completely false but maliciously and wickedly made such charges nevertheless.

31. Upon the defendant's arraignment in Queens County Criminal Court the charges were adjourned in contemplation of dismissal pursuant to C.P.L. §170.55.

32. That defendants also issued summonses to plaintiff for violation of TLC Administrative Code Rules numbers 80-12(d) and 80-13(a)(2) which required plaintiff to appear at hearing of TLC on August 23, 2019.

33. Upon the evidence presented at the hearing, including photos of the license plates which was on defendant's vehicle on the date of his arrest and when his vehicle had been inspected by the TLC prior to his arrest, the TLC Office of Administrative Trials and Hearings dismissed all the charges made by defendants against plaintiff on the merits. The defendants knew full well that these summons and alleged violations were false and were maliciously made.

34. Upon information and belief, defendant ROSIANA HINDS was present at the time of occurrence and the arrest report describes her as an assisting officer in the arrest of the plaintiff. She observed the arrest and excessive use of force against plaintiff and failed to intervene.

## FIRST CLAIM
### (False Arrest – 42 U.S.C. 1983)

35. The plaintiff incorporates by reference each of the preceding paragraphs of this complaint as though set forth at length herein.

36. that the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as law enforcement officers employed by defendant CITY OF NEW YROK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the plaintiff had committed the offense for which he was charged.

37. That the said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

**38.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the united States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

**39.** That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

## SECOND CLAIM
### (False arrest – State Law)

**40.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**41.** That by the foregoing conduct of the defendants acting in concert intentionally confined the plaintiff though said confinement was in no way privileged and the plaintiff was conscious of his confinement and did not consent to said confinement.

**42.** The arrest and imprisonment of plaintiff by defendants was maliciously done without probable cause and constitutes false arrest and imprisonment under the laws of the State of New York.

**43.** Defendants conduct was willful and in malicious disregard of plaintiff's rights and caused great damage to plaintiff. Plaintiff is entitled to compensatory and punitive damages.

## THIRD CLAIM
### (Excessive use of Force – 42 U.S. C. §1983)

**44.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**45.**     In the course of arresting plaintiff, defendants WHITE and MERINO used excessive force that was objectively unreasonable.

**46.**     Such excessive use of force included grabbing and forcefully pulling plaintiff's arm to such extent that it caused severe pain and discomfort to plaintiff's right shoulder, which appears to be of a permanent nature, and striking plaintiff's head on the vehicle in which plaintiff was placed while handcuffed at LaGuardia Airport.

**47.**     That the force used by defendants against plaintiff was unnecessary to effectuate the arrest of the plaintiff and was constitutionally impermissible under the Fourth Amendment of the United States Constitution.

**48.**     That the aforementioned conduct of the defendants was under color of State law and in violation of 42 U.S.C. §1983.

**49.**     As a result of the defendants' conduct the plaintiff sustained significant injury, pain and suffering and is entitled to damages.

### **FOURTH CLAIM**
### **(Assault and Battery – State Law)**

**50.**     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**51.**     The defendants acting jointly and severally with each other committed assault and battery upon plaintiff by subjecting plaintiff to hostile and offensive bodily contact that was not privileged or consented by plaintiff.

**52.**     That the defendants committed these acts intentionally, willfully, and with malicious disregard of plaintiff's rights as a citizen and human being and are therefore liable for punitive damages.

**53.**     That that the assault and battery caused substantial injuries to plaintiff.

**54.** The conduct complained of is actionable under the laws of the State of New York and this Court has supplemental jurisdiction to adjudicate this claim.

**55.** As a result of defendants' conduct plaintiff was caused to sustain injuries and was otherwise damaged and such conduct was the proximate cause of plaintiff's injury and damages.

## FIFTH CLAIM
### (Negligence)

**56.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**57.** That the defendants acting jointly and severally negligently caused physical injury to plaintiff and the conduct of the defendants was the proximate cause of plaintiff's injuries, and plaintiff in no way contributed to his injuries.

**58.** That conduct complained of is a basis for liability under the laws of the State of New York, and this Court has supplemental jurisdiction to adjudicate this claim.

**59.** As a result of the defendants' negligent conduct plaintiff was cause to become, sick, sore, lame and disabled, and was caused to suffer conscious pain and suffering and was otherwise damaged.

## SIXTH CLAIM
### (Fabrication of Evidence – 42 U.S.C. §1983)

**60.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**61.** That the defendants concocted and fabricated false evidence and information including false police reports and false Criminal Court Complaint, and forwarded false information and evidence to the Queens District Attorney's officer that was likely to influence a jury to find the plaintiff guilty of the false concocted charge.

**62.** Defendants' conduct violated plaintiff's constitutional due process rights and caused plaintiff to suffer deprivation of liberty.

**63.** That a determination of this claim in plaintiff's favor will in no way invalidate a prior conviction of plaintiff in regard to the occurrence complained of (*Heck v. Humphrey*, 512 U.S. 477; *McDonough v. Smith*, 139 S. Ct. 2149).

## SEVENTH CLAIM
### (Malicious Prosecution – 42 U.S.C. §1983)

**64.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**65.** The defendants instituted administrative proceedings against plaintiff before the New York City Taxi & Limousine Commission Office of Administrative Trials and Hearings and plaintiff was forced to submit to such proceedings.

**66.** Such proceedings were instituted against plaintiff in the absence of any probable cause for prosecution of plaintiff upon the false charges which were made with malice.

**67.** The charges made against plaintiff were dismissed on the merits and constitutes a favorable termination.

**68.** Said malicious prosecution of plaintiff by defendants constitutes a deprivation of plaintiff's Fourth Amendment constitutional rights for which plaintiff is entitled to compensatory and punitive damages.

## EIGHTH CLAIM
### (Malicious Prosecution – State Law)

**69.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

70. That the commencement and prosecution of the plaintiff by defendants before the New York City Taxi & Limousine Commission constitutes malicious prosecution under the laws of the State of New York.

71. The dismissal of the charges on the merits constitutes a favorable termination under New York law.

72. The prosecution of plaintiff was without probable cause but was with malice, and caused plaintiff to suffer damages.

73. This Court has supplemental jurisdiction to adjudicate this claim.

74. Plaintiff is entitled to compensatory as well as punitive damages.

## NINTH CLAIM
### (Invasion of Privacy and Trespass on Person)

75. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

76. By the actions described above, defendants acting individually and in concert with each other, violated plaintiff's right of privacy and trespassed on his person, subjected him to embarrassment and humiliation, intruded into and invaded his seclusion of person, solitude and private affairs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and constitution of the State of New York.

77. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subjected to great humiliation, and was otherwise damaged and injured.

## TENTH CLAIM
### (Equal Protection Claim)

78.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

79.     That the statements by defendant WHITE to plaintiff evidenced that defendant's decision to arrest and falsely accuse plaintiff of offenses he did not commit was motivated by racially discriminatory animus.

80.     That by reason of the defendants' impermissible conduct under color of State Law, plaintiff was deprived of equal protection of the law in violation of the Fourteenth and Fourth Amendment of the United States Constitution, and plaintiff was damaged thereby.

## ELEVENTH CLAIM
### (Failure to Intervene)

81.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

82.     Defendants had a reasonable opportunity to intervene and prevent the unlawful acts done against plaintiff including the obvious violation of his constitutional rights.

83.     Defendants nevertheless failed to intervene and prevent the violation of plaintiff's constitutional rights therefore liable to plaintiff.

## TWELFTH CLAIM
### (Vicarious Liability)

84.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

85.     The individual defendants were acting within the scope of their employment as law enforcement or peace officers employed by the New York City Taxi and Limousine Commission when they committed all the aforementioned unlawful conduct.

86. The City of New York is vicariously liable to plaintiff under the laws of the State of New York all of the aforementioned unlawful conduct and this Court has supplemental jurisdiction to hear and adjudicate this claim.

## THIRTEENTH CLAIM
### (Violation of 42. U.S. §1983)

87. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

88. The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United State Constitution, including, without limitations, deprivation of the following constitutional rights:

    **(a)** Plaintiff was deprived of Forth Amendment constitutional right to be free from unreasonable searches and seizures of his person;

    **(b)** Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

    **(c)** Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws

## FOURTEENTH CLAIM
### (Negligent Hiring, Retention and Supervision)

89. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

90. That the defendant CITY OF NEW YORK negligently hired, screened, retained, trained and supervised the individual defendants. The acts and conduct of defendants were the direct and proximate cause of injury to plaintiff and violated plaintiff's statutory and common law rights as well as rights guaranteed by the New York and United States Constitutions.

91. The negligent hiring, screening, retention, training, and supervision was the proximate cause of the injuries, deprivation of liberty and other damages sustained by plaintiff.

## FIFTEENTH CLAIM
### (Municipal Liability)

92.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

93.     That the defendant CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983.

94.     That at all times material to this complaint, the defendant CITY OF NEW YORK acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant T.L.C. enforcement officers.

95.     That it is common practice and common knowledge that T.L.C. officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

96.     That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest false charges, but the CITY OF NEW YORK has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute policies to prevent or deter the T.L.C. from charging innocent drivers of violations that did not actually occur.

97.     Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a)     Failed to perform their duties as a reasonably prudent and careful T.L.C. enforcement officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a peace officer of ordinary prudence would not have done;

(b)     Hired and retained incompetent and unfit T.L.C. officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or asserted their legal rights;

(c)     Failed to exercise care in instructing their officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper

instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false charges; and as to the obligation of officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other T.L.C. officers;

   (d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct

**98.** All the aforementioned acts were without any fault on the part of the Plaintiff and the Plaintiff has been damaged as a result of such conduct.

  **WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

  A. Compensatory damages
  B. Punitive damages
  C. Costs, interests, and attorney's fees
  D. Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
   February 10, 2020

**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575
garnettsullivan@yahoo.com